UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| James Spivey, | Civil Action No.: 1:14-cv-17 |
| Plaintiff, | |
| v. | |
| Performant Recovery, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, James Spivey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, James Spivey ("Plaintiff"), is an adult individual residing in Abilene, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("PRI"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     Plaintiff allegedly incurred a financial obligation (the "Debt") to Bank of America (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to PRI for collection, or PRI was employed by the Creditor to collect the Debt.

9.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     PRI Engages in Harassment and Abusive Tactics**

10.    In or around August 2013, PRI began calling Plaintiff up to five (5) times per day in an attempt to collect the Debt.

11.    Plaintiff explained to PRI that he was unable to pay the Debt because of his medical condition and that he was attempting to obtain Social Security benefits to use to pay the Debt.  Plaintiff therefore requested that PRI cease calling regarding the Debt until his was able to pay.

12.    When PRI continued to call, Plaintiff sent PRI proof from his doctor regarding his medical condition.

13.    In response, PRI told Plaintiff that it did not believe he was sick and that it required "more forms filled out by a doctor" to prove that he was.

14.    PRI also told Plaintiff that if he died, PRI would take his life insurance policy and leave his family with nothing.

### C.     **Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.     Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used abusive language when speaking with Plaintiff.

20.     Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

27. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

28. Defendant used abusive language when speaking with Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

29. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

30. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin.

      Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 6, 2014

                                          Respectfully submitted,

                                          By */s/ Jody B. Burton*

                                          Jody B. Burton, Esq.
                                          CT Bar # 422773
                                          LEMBERG LAW L.L.C.
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          E-mail: jburton@lemberglaw.com

                                          14785 Preston Road, Suite 550
                                          Dallas, Texas  75154
                                          Attorneys for Plaintiff